UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| WENDY STEVENS and<br>STEPHANIE VILLALPANDO,<br><br>        Plaintiffs,<br><br>    v.<br><br>LIFECARE CENTERS OF AMERICA, INC.,<br>d/b/a GREEN VALLEY CARE CENTER,<br><br>        Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | 4:06-cv-79-SEB-WGH |

**ENTRY CONCERNING PRIOR MARGINAL ORDERS ON
MOTION TO FILE OVERSIZED BRIEF (Docket No. 76)
AND MOTION TO STRIKE (Docket No. 75)
-and-
ORDER ON DEFENDANT'S MOTION TO SET ASIDE PREMATURE
RULING ON PLAINTIFFS' MOTION TO STRIKE (Docket No. 77)**

On January 9, 2008, the Magistrate Judge entered a marginal order at Docket No. 76 granting, in part, Defendant's Motion for Leave Instanter to File Oversized Brief in Support of Motion for Summary Judgment filed December 26, 2007 (Docket Nos. 66, 71, 72), and a marginal order at Docket No. 75 granting Plaintiffs' Motion to Strike Defendant's Filing of Appendix A filed January 2, 2008 (Docket No. 73).  Defendant filed a Motion to Set Aside the Court's marginal order granting Plaintiffs' Motion to Strike Defendant's Filing of Appendix A on January 10, 2008.

This is an employment discrimination claim in which two people accuse their former employer of subjecting them to a hostile work environment.  Although the primary perpetrator of the hostile environment is alleged to have been the same

individual, each Plaintiff bases her claim on different facts. Their tenures of employment, direct supervisors, shifts worked, circumstances of discipline and termination, and allegations of harassment are not the same. Plaintiffs did not become acquainted during their tenures with the Defendant, and until they determined to commence the litigation.

**Motion for Leave Instanter to File Oversized Brief:**

The Defendant's Motion for Leave Instanter to File Oversized Brief in Support of Motion for Summary Judgment was granted, in part, to the extent that the Defendant seeks approval to enlarge its brief. Because these are, in essence, two separate cases, the Defendant would be entitled to some extension of the page limitation to address the varied facts relevant to two nearly separate employment experiences. A 44-page brief in lieu of the Court's required 35-page limit would be appropriate under the circumstances.

A more difficult issue is how much of an enlargement to grant, and whether the attachment of a 37-page appendix detailing certain facts (which creates a *de facto* 81-page brief) is appropriate.

The fact that the Defendant feels the need to file a separate and additional document of 37 pages with 183 allegedly undisputed facts demonstrates the difficulty of attempting summary judgment resolution on claims of a hostile environment. The Magistrate Judge's review of the 183 facts show that many of the "undisputed" facts contain several factual assertions within one numbered paragraph. Defendant feels the need to suggest undisputed facts for background

and introduction concerning the Defendant corporation and the facility at which the Plaintiffs worked.  Some facts deal with certain of the Defendant's policies generally and policies as to scheduling, time reporting, open door policies, rules of conduct, and new employee orientation.  Portions of the facts deal with the beginning of each Plaintiff's employment and with several incidents during employment which will clearly be disputed among a long list of alleged deficiencies of each Plaintiff's employment.  Defendant spends considerable time addressing Plaintiffs' "unsupported allegations" of retaliation or of hostile environment or of Fair Labor Standards Act violations.  These extensive, wide-ranging facts will undoubtedly be disputed in significant part due to the nature of the many instances of conduct that attempt to be described by virtue of these purported "undisputed" facts.

     The brief in support of the Defendant's motion does contain a summary of undisputed facts at pages 3-12.  These statements do not comply with S.D. Ind. L.R. 56.1(a) because they are not supported by appropriate citations to discovery responses, depositions, affidavits, or otherwise admissible evidence already in the record or contained in an appendix to the brief.  The Magistrate Judge believes that the language used in those statements is sufficient to raise any issues the Court must address on summary judgment.  Defendant shall, using <u>only</u> those facts, supplement its brief with specific citations to authority for those facts found within the body of the brief.  Plaintiffs shall respond to those facts showing why there are

genuine issues of material fact with respect to those found within the brief and shall address the Defendant's argument as to why summary judgment is appropriate based on those findings only. Therefore, the brief may be expanded only to the number of pages necessary to place the appropriate citations within the body of the facts already asserted at pages 3-12.

The amendments to the current Defendant's brief shall be filed within fifteen (15) days of the date of this Entry. Plaintiffs' responsive brief shall be filed within thirty (30) days after the submission of the amended brief. Reply shall comply with our Local Rule.

**Motion to Strike:**

The Plaintiffs' Motion to Strike Defendant's Filing of Appendix A was granted. While those facts are thorough and may provide a good basis for Defendant's counsel to argue their positions at trial, the 183 paragraphs of "facts" do not provide to the Court a reasonable basis upon which the Court can be assured that there are no genuine issues of fact, and that judgment as a matter of law must be entered for the Defendant in this case. This type of factual recitation creates undue burden to opposing counsel and the Court at the summary judgment stage of litigation. Summary judgment motions are not an alternative to trial; they are to be used only when there are facts that are not in dispute which will enable the Court and the opposing party to more expeditiously resolve a dispute. The Defendant's Exhibit A does not expedite the litigation, but rather makes it more difficult.

**Motion to Set Aside Premature Ruling:**

The Defendant's Motion to Set Aside Premature Ruling on Plaintiffs' Motion to Strike is **DENIED** for the reasons stated in this Entry.

**SO ORDERED.**

**Dated:** January 16, 2008

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Debra Sue Andry
MATTOX MATTOX & WILSON
dandry@mmwlaw.net

Karen R. Goodwell
MATTOX & WILSON LLP
krg@mattoxwilson.com

Jan S. Michelsen
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
jan.michelsen@odnss.com