UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| WENDY STEVENS and STEPHANIE VILLALPANDO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 4:06-cv-79-SEB-WGH |
| LIFE CARE CENTERS OF AMERICA, INC., d/b/a GREEN VALLEY CARE CENTER, | ) ) ) ) ) | |
| Defendant. | ) | |

**ORDER GRANTING PLAINTIFF STEPHANIE VILLALPANDO'S MOTION
FOR PARTIAL FINAL JUDGMENT**

This cause is before the Court on Plaintiff Stephanie Villalpando's Motion for Partial Final Judgment [Docket No. 128], filed on October 22, 2008, pursuant to Federal Rule of Civil Procedure 54(b). On May 18, 2006, Ms. Villalpando, together with Plaintiff, Wendy Stevens, initiated this action alleging claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., and under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. On September 26, 2008, the Court entered a ruling in this matter, granting in part the motion for summary judgment filed by Defendant, Life Care Centers of America, Inc., d/b/a Green Valley Care Center ("Life Care"), as to Ms. Stevens's FLSA claim and both Plaintiffs' Title VII claims, leaving Ms. Villalpando's FLSA claim as the only remaining issue for trial. Because the Court found

"no just reason for delay," a Partial Final Judgment [Docket No. 124] was entered against Ms. Stevens only. Ms. Stevens has since appealed her case and Ms. Villalpando now requests that the Court enter a partial final judgment on her Title VII claims so that she may join Ms. Stevens's appeal. For the reasons detailed in this entry, we GRANT Plaintiff's Motion for Partial Final Judgment.

In order for the appellate court to obtain jurisdiction, a certification under Rule 54(b)[1] must satisfy the following three prerequisites: (1) the claim certified must be separate from the remaining claims; (2) the judgment entered on the certified claim must be final under 28 U.S.C. § 1291; and (3) the district court must expressly determine that there is "no just reason for delay," based on the effects delay of an appeal would have on the parties. Fitzpatrick v. City of Hobart, 2007 WL 2128023, at *1 (N.D. Ind. July 18, 2007) (citing ODC Communications Corp. v. Wenruth Invs., 826 F.2d 509, 511-12 (7th Cir. 1987)). So as to avoid piecemeal review, we only grant Rule 54(b) requests when a failure to do so might have a harsh effect on the party seeking certification. Id. (citing U.S. General, Inc. v. City of Joliet, 598 F.2d 1050, 1051 (7th Cir. 1979)).

Life Care contends that Ms. Villalpando has failed to demonstrate evidence of hardship or a harsh effect that will result if her Rule 54(b) motion is not granted. Ms.

---

[1] Rule 54(b) provides in relevant part:

When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Villalpando rejoins that, because she and Ms. Stevens relied upon a mosaic of circumstantial evidence to support their sexual harassment and retaliation claims, they would suffer a hardship if they are not allowed to present a single appeal on those claims. Additionally, Ms. Villalpando argues that, since her Title VII claims involve a number of the same facts as Ms. Stevens's claims, judicial resources will be wasted if her Rule 54(b) motion is denied because the Seventh Circuit Court of Appeals would then be required to review much of the same information in successive appeals.

It is true, as Defendant argues, that the facts and circumstances surrounding Plaintiffs' retaliation claims are different and that some of the instances of unwelcome conduct forming the basis for the Plaintiffs' hostile environment claims vary. However, both Plaintiffs' allegations involve the same supervisor, working at the same location, around the same time period. Additionally, the Plaintiffs contend that, together, they present a "convincing mosaic of circumstantial evidence" sufficient to support their discrimination and retaliation claims. Because Plaintiffs do rely upon each other's evidence in support of their individual claims, and the Court of Appeals would be required to review many of the same facts in successive appeals if the Plaintiffs presented separate appeals, the Court finds, pursuant to Rule 54(b) that there is no just reason for delay.

Accordingly, we <u>GRANT</u> Ms. Villalpando's motion and partial final judgment is hereby entered in favor of Defendant and against Plaintiff, Stephanie Villalpando, on Ms. Villalpando's sexual harassment and retaliation claims brought pursuant to Title VII.

IT IS SO ORDERED.

Date: ___12/15/2008_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Debra Sue Andry
MATTOX MATTOX & WILSON
dandry@mmwlaw.net

Karen R. Goodwell
MATTOX & WILSON LLP
krg@mattoxwilson.com

Jan S. Michelsen
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
jan.michelsen@odnss.com